Frank A. Francis, Therease H. Francis v. Commissioner.
Francis v. Commissioner
Docket No. 2767-67.
United States Tax Court
T.C. Memo 1968-170; 1968 Tax Ct. Memo LEXIS 129; 27 T.C.M. (CCH) 822; T.C.M. (RIA) 68170; August 5, 1968. Filed *129 Petitioner, an attorney, agreed to pay any deficit as a result of a benefit showing of a movie sponsored by his fraternal order as a money-raising project for its home for the elderly. Held: The loss was not deductible as a loss incurred in any transaction entered into for profit since petitioner has failed to show that he personally had any expectation of profit from the showing of the movie. Held, further: Petitioner has failed to sustain his burden of proving sufficient facts to support the deductibility of expenditures made by him for trophies and a dinner affair for certain members of his fraternal order as ordinary and necessary business expenses. Frank A. Francis, pro se, 50 State St., Hartford, Conn. Alan I. Weinberg, for the respondent. IRWIN
Memorandum Findings of Fact and Opinion IRWIN, Judge: The respondent determined a deficiency in petitioners' income tax for the taxable year 1963 in the amount of $413.18. Due to certain concessions by petitioners, two issues remain for our decision: 1. Are the petitioners entitled to deduct as a loss a $1,214.08 payment as a guarantee against loss to a theater which had agreed 823 to donate proceeds of a showing of a movie to a nonprofit *130 home for the elderly? 2. Are the petitioners entitled to deduct expenses of $235.75 incurred for nonbusiness purposes? Findings of Fact Some of the facts have been stipulated, and the stipulation of facts, together with the exhibits attached thereto, is hereby incorporated by this reference. Frank A. Francis (hereinafter petitioner) and Therese H. Francis, husband and wife, resided at 42 Canaan Street, Hartford, Conn., on the date they filed their petition in this proceeding. They timely filed a joint Federal income tax return for the calendar year 1963 with the district director of internal revenue for the district of Connecticut. On November 23, 1962, petitioner in his capacity as district deputy in charge of district number 4 of the Knights of Columbus (hereinafter the Knights), a fraternal order, requested approval of the supreme knight for his district to form a nonprofit corporation for the purpose of building an apartment house for the elderly. The necessary approval was obtained in early April 1963, and on May 3, 1963, the Saint Christopher Apartments, Inc. (hereinafter the Apartments), was incorporated. Subsequently, on December 22, 1966, the corporation was granted tax-exempt *131 status by the district director of internal revenue for the district of Connecticut as a nonprofit organization. In order to raise money for the Apartments, the Knights sponsored the opening night performance of the movie "Lawrence of Arabia." Although all profits were to be turned over to the Apartments, neither the Apartments nor the Knights were legally obligated to pay the debts remaining in the event of a deficit. Thus, in order for the movie to be shown, petitioner orally personally guaranteed to the theater manager that he would pay any losses that might be incurred as a result of the showing of the movie. It developed that the expenses incurred in the presentation of the movie exceeded proceeds from ticket sales by $1,214.08. This deficit was paid by petitioner. Petitioner is an attorney and is not in the business of guaranteeing debts. Petitioner was also in charge of a "degree team" which installed members in the Knights. Since the team members were not compensated for their efforts, petitioner, as a token of his appreciation, incurred additional expenses totaling $235.75 by purchasing trophies and having a dinner affair for members of the team. Ultimate Facts 1. Petitioner's *132 $1,214.08 loss was not a loss incurred in a trade or business nor was it incurred in a transaction entered into for profit. 2. The $235.75 cost of the trophies and dinner for members of the "degree team" was not an ordinary and necessary business expense to petitioner. Opinion Petitioner, an attorney, was also a district officer of the Knights of Columbus. Through his efforts and initiative the Knights decided to build an apartment house for the elderly as a nonprofit venture. In order to raise funds for the project, the Knights sponsored a benefit showing of a movie. Petitioner agreed to pay any deficit as a result of the showing of the movie if the expenses exceeded the ticket sales. When a $1,214.08 loss was incurred and was paid by petitioner, he deducted this amount on his income tax return. Respondent contends that this is not a proper deduction. While we commend petitioner for his selfless undertakings and would be inclined to allow the claimed deduction on an equitable basis, the cold reality of the law does not permit us to do so. We must, therefore, uphold the respondent's determination. Section 165(a) [1] allows a deduction for any loss sustained during the taxable year which *133 is not compensated for by insurance or otherwise. However, section 165(c)(1) and (2) limits the deduction to: "(1) losses incurred in a trade or business," or "(2) losses incurred in any transaction entered into for profit, though not connected with a trade or business." [2] In order for this sum 824 to be deducted as a loss, then, petitioner must show that he incurred it in his trade or business or in a transaction entered into for profit. Petitioner admits that he is an attorney and is not in the business of making loans or guaranteeing debts. The loss was thus not a 165(c)(1) loss. Petitioner's only alternative, therefore, is that the transaction was one entered into *134 for profit. However, petitioner is not allowed the deduction unless he personally expected to profit from the transaction. , affirmed on this issue at (C.A. 2, 1960). Although it might have reasonably been expected that the benefit performance of the movie would have resulted in a profit, it is clear that this profit would not have inured to the benefit of petitioner but rather only to the Apartments. On this basis petitioner cannot prevail. "The fact that profit therefrom might be or was intended to be realized by another is not sufficient." [Emphasis supplied.] . See also ; and , affd. (C.A. 1, 1936), certiorari denied . It appears that the only reason petitioner agreed to pay any deficit on the showing of the movie was because neither the Knights nor the Apartments could be legally bound therefor and that the theater manager woud not allow the movie to be shown unless he could be assured that any loss would be covered. Thus, apparently petitioner had no expectation whatsoever *135 of either a gain or a loss but rather gratuitously agreed to indemnify the theater manager only because the latter so insisted before he would put the movie on the screen. As we have seen, this is not sufficient to entitle him to a deduction. ; See also ; and (C.A. 7, 1932). Petitioner has the burden of proving that he personally expected to profit by this transaction and he has failed to do so. . In his reply brief petitioner contends for the first time that the $1,214.08 qualifies as a charitable contribution. We will not consider or decide this issue which was not raised in his petition, at trial, or in his original brief in the light of our holdings that an issue raised for the first time on brief cannot be considered by this Court. ; Zanesville Investment Co. ; ; ; and . This should be particularly true when the issue *136 is raised for the first time in a reply brief, which is normally limited to points raised by the opposing party in his original brief. In any event, the sparse record herein would make it difficult for petitioner to sustain his burden of proof on this issue, particularly in light of the apparent absence of the requisite intent to make a charitable gift. Moreover, although we have held that a charitable contribution can be made by paying the debts of a charitable organization, neither the Knights nor the Apartments were obligated to pay the deficit which petitioner's payment relieved. Petitioner also deducted as a business expense $235.75 that he paid for trophies and a dinner affair for members of the "degree team" of the Knights of which he was in charge. He states he did this out of gratitude for their years of service. Although section 162(a) allows a deduction for ordinary and necessary business expenses, [3] petitioner has presented no evidence as to how these expenditures were related to his business or as to why these expenditures were not primarily for social or personal purposes and hence nondeductible. [4] On this issue, as in the first, he has failed in his burden of proof. *137 Decision will be entered for the respondent. 825 Footnotes
1. All references are to the Internal Revenue Code of 1954. ↩
2. SEC. 165. LOSSES. (a) General Rule. - There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. * * * (c) Limitation on Losses of Individuals. - In the case of an individual, the deduction under subsection (a) shall be limited to - (1) losses incurred in a trade or business; (2) losses incurred in any transaction entered into for profit, though not connected with a trade or business; * * *↩
3. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * * ↩
4. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. * * * no deduction shall be allowed for personal, living or family expenses.↩